UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| KAREN LOWY, individually and as parent and next friend of N.T.,<br><br>*Plaintiffs*,<br><br>v.<br><br>DANIEL DEFENSE, LLC; FAB DEFENSE, INC.; FAB MANUFACTURING & IMPORT OF INDUSTRIAL EQUIPMENT LTD.; BRAVO COMPANY USA, INC.; LOYAL 9 MANUFACTURING, LLC; FOSTECH, INC.; HEARING PROTECTION, LLC; CENTURION ARMS, LLC; MAGPUL INDUSTRIES CORP.; FEDERAL CARTRIDGE COMPANY; VISTA OUTDOOR, INC.; FIOCCHI OF AMERICA, INC.; FIOCCHI MUNIZIONI S.P.A.; STARLINE, INC.; SUREFIRE, LLC; TORKMAG, INC.; and JOHN DOES 1–20,<br><br>*Defendants*. | Case No. 1:23-cv-01338-CMH-IDD |
| ANTONIO HARRIS,<br><br>*Plaintiff*,<br><br>v.<br><br>DANIEL DEFENSE, LLC; FAB DEFENSE, INC.; FAB MANUFACTURING & IMPORT OF INDUSTRIAL EQUIPMENT LTD.; BRAVO COMPANY USA, INC.; LOYAL 9 MANUFACTURING, LLC; FOSTECH, INC.; HEARING PROTECTION, LLC; CENTURION ARMS, LLC; MAGPUL INDUSTRIES CORP.; FEDERAL CARTRIDGE COMPANY; VISTA OUTDOOR, INC.; FIOCCHI OF AMERICA, INC.; FIOCCHI MUNIZIONI S.P.A.; SUREFIRE, LLC; TORKMAG, INC.; and JOHN DOES 1–20,<br><br>*Defendants*. | Case No. 1:23-cv-01501-CMH-IDD |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO CONSOLIDATE CASES

Plaintiffs Karen Lowy, individually and as parent and next friend of N.T. ("Lowy"), and Antonio Harris ("Harris") (collectively, the "Plaintiffs"), respectfully request that this Court enter an order consolidating *Lowy* v. *Daniel Defense, LLC, et al*, No. 1:23-cv-01338, with *Harris* v. *Daniel Defense, LLC, et al.*, No. 1:23-cv-01501.[1]  Both cases bring claims arising out of a mass shooting that occurred in April 2022 at the Edmund Burke School in Northwest Washington, D.C. Both cases are pending before Judge Hilton and Magistrate Judge Davis.

This Court has discretion to consolidate actions that "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  In deciding whether to consolidate two cases, courts look to "whether the specific risks of prejudice and possible confusion from consolidation [are] overborne by the risk of inconsistent adjudications, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."  *Campbell* v. *Boston Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (cleaned up and citation omitted).  All of these factors weigh in favor of consolidation here.  *Lowy* and *Harris* involve many of the same facts and witnesses, overlapping parties, and interrelated legal arguments.  Consolidation would promote efficiency for the Court, parties, and third-party witnesses.

The *Lowy* case asserts that Defendants, who consist of several rifle, ammunition, and rifle accessory manufacturers and sellers, employed sales, advertising, and marketing practices that deceptively and unfairly promoted their assault rifles, accessories, and ammunition to the Shooter

---

[1] An identical version of this motion has been filed on the dockets of the cases for *Lowy* (No. 1:23-cv-01338) and *Harris* (No. 1:23-cv-01501).

and other young, civilian men like him who Defendants know have impulsive, risk-taking tendencies that make them more susceptible to commit mass shootings, including the April 2022 shooting at Edmund Burke School. *See generally Lowy* Compl. (Doc. No. 1 in 1:23-cv-01338, attached hereto as Exhibit A). The *Harris* case makes very similar arguments, against all of the same Defendants active in the *Lowy* case, for injuries that Mr. Harris incurred from the same mass shooting. *See generally Harris* Compl. (Doc. No. 1 in 1:23-cv-01501, attached hereto as Exhibit B).

There is considerable overlap in the legal and factual issues this Court will be required to resolve in both cases. Both *Lowy* and *Harris* assert claims under the Virginia False Advertising Statute (Va. Code Ann. § 18.2–216) and the Virginia Consumer Protection Act (Va. Code Ann. § 59.1–196 *et seq.*), in addition to claims of negligence and negligence *per se*. Both allege that advertising and marketing practices by Defendants were deceptive or misleading and engaged in with the intent to induce members of the public, like the Shooter, to purchase their products. And both allege that Defendants' advertising and marketing practices misrepresented the characteristics, uses, benefits, or other aspects of their products such that the Shooter relied on such advertising and marketing practices in making his decision to purchase Defendants' products. Further, the witnesses in the two cases are likely to overlap significantly. The Plaintiffs in both cases were injured from the same mass shooting that occurred at the Edmund Burke School in Washington, D.C by weapons, ammunition, and accessories sold and/or manufactured by the same Defendants. These common issues of law and fact weigh heavily in favor of consolidation. *See Harris* v. *L & L Wings, Inc.,* 132 F.3d 978, 981 n.2 (4th Cir. 1997) (noting that claims, like those at issue here, "brought against the same defendant[s], relying on the same witnesses, alleging the same misconduct, and answered with the same defenses, clearly meet [the Rule 42(a)] standard");

*Pearson* v. *Cropp-Metcalfe, Inc.*, 2017 WL 6402996, at *1 (E.D. Va. Feb. 22, 2017) (consolidating cases where the court found that the two actions were "carbon copies, comprising the exact same parties, claims, facts, and demands").

Additionally, consolidation of the two actions will promote judicial economy and efficiency, especially at this pre-discovery stage. These cases will involve testimony from the same corporate representatives of Defendants' companies, the same experts, and the same eyewitnesses to the shooting. Absent consolidation, the Court will have to expend additional resources to preside over two matters proceeding on parallel tracks, the witnesses will be inconvenienced by having to appear for multiple proceedings, and the parties will have to respond twice to substantially similar written discovery. The granting of Plaintiffs' Motion to Consolidate will promote efficiency in all of these areas. *See Campbell*, 882 F.3d at 76 (consolidation provides "substantial savings of time and money" for plaintiffs, defendants, witnesses, and the judicial system); *Kelley* v. *United States*, 580 F. Supp. 2d 490, 494 (E.D. Va. 2008) ("The Court [] has a clear interest in judicial economy, which is furthered by the consolidation of cases involving common questions of law and fact."); *Norfolk Coating Servs., LLC* v. *The Sherwin-Williams Co.*, 2014 WL 4365449, at *2 (E.D. Va. Sept. 2, 2014) (finding in favor of consolidation because "[t]he benefits of consolidation, avoiding inconsistent judgments and promoting efficiency, significantly outweigh any potential prejudice or confusion caused by consolidation of the cases"); *Seabrooks* v. *Evans Delivery Co.*, 2020 WL 6122294, at *3 (W.D. Va. Oct. 16, 2020) (consolidating cases before the parties had progressed beyond written discovery to conserve judicial resources and reduce costs to the parties and burdens on witnesses).

In light of the foregoing considerations, the Plaintiffs request that the Court grant their Motion and consolidate *Lowy* v. *Daniel Defense, LLC, et al.*, No. 1:23-cv-01338, with *Harris* v. *Daniel Defense, LLC, et al.*, No. 1:23-cv-01501.

Dated: December 15, 2023

Respectfully Submitted,

*/s/ Kathryn Ali*
**ALI & LOCKWOOD LLP**
Kathryn Ali (VSB # 97966)
Elizabeth Lockwood*
300 New Jersey Avenue NW, Suite 900
Washington, D.C. 20001
Phone: (202) 651-2476
katie.ali@alilockwood.com
liz.lockwood@alilockwood.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
H. Christopher Boehning*
Jacobus J. Schutte*
Jenifer N. Hartley**
1285 Avenue of the Americas
New York, NY 10019
Phone: (212) 373-3700
Fax: (212) 757-3990
cboehning@paulweiss.com
jschutte@paulweiss.com
jhartley@paulweiss.com

*\* Admitted pro hac vice in the Lowy case*
*\*\* Pro hac vice applications forthcoming*

*Attorneys for Plaintiffs*